UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

In re:                                              Chapter 11

Medford Development Corp.                            Case No. 14-75666 (AST)
Motor Parkway Enterprises Inc.                       Case No. 14-75667 (AST)
Airport Development Corp.                            Case No. 14-75683 (AST)
Wheeler Development LLC                              Case No. 14-75668 (AST)
Smithtown Development Corp.                          Case No. 14-75669 (AST)
Brentwood Development Corp.                          Case No. 14-75670 (AST)
Holbrook Development Corp.                           Case No. 14-75671 (AST)
Carman Development Corp.                             Case No. 14-75672 (AST)
Maple Avenue Hauppauge Dev. Corp.                    Case No. 14-75674 (AST)
Port Jefferson Development Corp.                     Case No. 14-75675 (AST)
Ronkonkoma Development Corp.                         Case No. 14-75676 (AST)
Islandia Development Corp.                           Case No. 14-75677 (AST)
Oceanside Enterprises Inc.                           Case No. 14-75678 (AST)
Islip Development Corp.                              Case No. 14-75679 (AST)
Westbury Enterprises Inc.                            Case No. 14-75680 (AST)

                              Debtors.              (Jointly Administered)
------------------------------------------------------------------- X
Medford Development Corp., et al.,

                              Plaintiffs,           Adv. Pro. No. 15-08020 (AST)

              - against -

Cumberland    Farms,   Inc.,   and   Gulf   Oil   Limited
Partnership,

                              Defendants.
-------------------------------------------------------------------X

## ORDER TO SHOW CAUSE FOR AN
## ORDER STAYING THE DISTRICT COURT ACTION

UPON the annexed affidavit of Michael J. Macco, Esq., sworn to on the 3rd day of

March, 2015, and upon the annexed memorandum of law in support, it is hereby:

ORDERED, that Cumberland Farms, Inc., and Gulf Oil Limited Partnership (together,

the "Defendant"), the above-referenced defendants, are hereby directed to show cause before the

Honorable Alan S. Trust, United States Bankruptcy Judge, Eastern District of New York, at the Courthouse located at 290 Federal Plaza, Central Islip, New York, Room 960, on **March 11, 2015 at 11:00 a.m.,** or as soon thereafter as counsel may be heard, why an order pursuant to 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code") staying the action entitled *Cumberland Farms, Inc., and Gulf Oil Limited Partnership v. Steven Keshtgar, Shoreh Keshtgar, Cedarhurst Development Corp., John Doe Corporations 1 Through 10, and John and Jane Does 1 Through 1,* assigned index number 15-CV-00580 (LDW) (AKT) (the "District Court Action"), currently pending the United States District Court for the Eastern District of New York, should not be entered; and it is further

      **ORDERED,** that a copy of this Order, together with the papers upon which it is granted, be served by first class mail upon the Defendants on or before _____, 2015 at _____, and that such service be deemed good and sufficient.

**SO ORDERED:**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X
In re:                                                    Chapter 11

| | |
|---|---|
| Medford Development Corp. | Case No. 14-75666 (AST) |
| Motor Parkway Enterprises Inc. | Case No. 14-75667 (AST) |
| Airport Development Corp. | Case No. 14-75683 (AST) |
| Wheeler Development LLC | Case No. 14-75668 (AST) |
| Smithtown Development Corp. | Case No. 14-75669 (AST) |
| Brentwood Development Corp. | Case No. 14-75670 (AST) |
| Holbrook Development Corp. | Case No. 14-75671 (AST) |
| Carman Development Corp. | Case No. 14-75672 (AST) |
| Maple Avenue Hauppauge Dev. Corp. | Case No. 14-75674 (AST) |
| Port Jefferson Development Corp. | Case No. 14-75675 (AST) |
| Ronkonkoma Development Corp. | Case No. 14-75676 (AST) |
| Islandia Development Corp. | Case No. 14-75677 (AST) |
| Oceanside Enterprises Inc. | Case No. 14-75678 (AST) |
| Islip Development Corp. | Case No. 14-75679 (AST) |
| Westbury Enterprises Inc. | Case No. 14-75680 (AST) |

                                    Debtors.            (Jointly Administered)
--------------------------------------------------------------------- X
Medford Development Corp., et al.,

                                    Plaintiffs,         Adv. Pro. No. 15-08020 (AST)

               - against -

Cumberland Farms, Inc., and Gulf Oil Limited
Partnership,

                                    Defendants.
---------------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF THE ORDER TO SHOW CAUSE
## FOR AN AN ORDER STAYING THE DISTRICT COURT ACTION

**MICHAEL J. MACCO,** being duly sworn, deposes and states:

1.      I am a member of Macco & Stern, LLP, attorneys for Medford Development

Corp. and its affiliated entities (collectively, the "Plaintiffs" or "Debtors"),[1] the above-referenced

debtors and debtors-in-possession, and, as such, am fully familiar with the facts and

circumstances surrounding this case.

2.      I submit this affidavit in support of the Plaintiffs' order to show cause for an order

pursuant to 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code") staying

the District Court Action (defined below).

## BACKGROUND

3.      On December 24, 2014 (the "Petition Date"), the Debtors filed separate voluntary

petitions for relief under chapter 11 of the Bankruptcy Code.

4.      On or about January 9, 2015, the Court entered an order jointly administering the

Debtors' cases.

5.      The Debtors are authorized to operate their businesses as debtors-in-possession

under Bankruptcy Code §§1107 and 1108.  To date, the Office of the United States Trustee (the

"UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

6.      On or about February 6, 2015, Gulf commenced a civil action against Cedarhurst

Development Corp. ("Cedarhurst"), Steve Keshtgar ("Steve"), and Shoreh Keshtgar ("Shoreh",

and together with Cedarhurst and Steve, the "Protected Parties") and other unknown entities and

persons in the United States District Court for the Eastern District of New York, entitled

*Cumberland Farms, Inc., and Gulf Oil Limited Partnership v. Steven Keshtgar, Shoreh Keshtgar,*

*Cedarhurst Development Corp., John Doe Corporations 1 Through 10, and John and Jane Does*

---

[1] The Debtors, with associated case numbers, are as follows: (1) Medford Development Corp.; (2) Motor Parkway
Enterprises, Inc.; (3) Airport Development Corp.; (4) Wheeler Development LLC; (5) Smithtown Development
Corp.; (6) Brentwood Development Corp.; (7) Holbrook Development Corp.; (8) Carman Development Corp.; (9)
Maple Avenue Hauppauge Dev. Corp.; (10) Port Jefferson Development Corp.; (11) Ronkonkoma Development
Corp.; (12) Islandia Development Corp.; (13) Oceanside Enterprises Corp.; (14) Islip Development Corp.; and (15)
Westbury Enterprises Inc.

*1 Through 10,* assigned index number 15-CV-00580 (LDW) (AKT) (the "District Court Action").

7.    On or about February 13, 2015, the Debtors commenced this adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint")[2] seeking to stay the District Court Action. A copy of the Complaint is annexed hereto and made part hereof as **Exhibit A**.[3]

8.    While the Adversary Proceeding is pending a final resolution, the Debtors respectfully request that the Court extend the automatic stay pursuant to Bankruptcy Court §362 to the Protected Parties, including a stay of the District Court Action, in order to prevent potential prejudice to the Debtors, the Debtors' estate and creditors.

## ARGUMENT

9.    The Plaintiffs are proceeding by order to show cause rather than by motion because the time to answer the District Court Action is rapidly approaching.

10.    Unless the automatic stay pursuant to Bankruptcy Code §362 is extended to the District Court Action, the Debtors will suffer immediate and irreparable harm in the form of a default judgment that could be used to establish the amount of Gulf's claim against the Debtors' estates.

11.    Typically, a stay under Bankruptcy Code §362 does not cover non-debtor entities. *See In re Teachers Inc. v. Annuity Ass'n. of Am. v. Butler*, 803 F.2d 61 (2d Cir. 1986); *In re Adler*, 494 B.R. 43 (Bankr. E.D.N.Y. 2013). Nevertheless, a bankruptcy court may enjoin actions against third-parties in "unusual circumstances." *See A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986). In the Second Circuit, unusual circumstances exist "when a claim

---

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Complaint.
[3] For a more detailed background regarding the Protected Parties and the District Court Action, all parties are directed to review the Complaint.

against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l,* 32 F.33d 282 (2d Cir. 2003); *See also In re Adler*, 494 B.R. at 57; *In re Pitts*, 2009 Bankr. LEXIS 4023 (Bankr. E.D.N.Y. 2009); *In re Robert Plan Corp.*, 2010 U.S. Dist. LEXIS 27200 (E.D.N.Y. Mar. 23, 2010).

12.    "Immediate adverse economic consequences" include actions in which there is an identity between the detor and third-party defendant such that a judgment against a third-party defensedant will in effect be a judgment or finding against the debtor. *Queenie,* 321 F.3d at 287; *see also In re Pitts,* 2009 Bankr. LEXIS 4023 at *19. The "adverse economic consequence" requirement includes any perceptible economic hard to a non-debtor's tangible or intangible interest property interest. *See generally Stephen Inv. Sec. v. SEC,* 27 F.3d 339 (8th Cir. 1994); *N. Star Contracting v. McSpedon (In re N. Star Contracting Corp.),* 125 B.R. 368 (Bankr. S.D.N.Y. 1991). It also includes the economic hard suffered when the corporate veil is pierced under the alter ego doctrine and the debtor becomes liable for the debts of the non-debtor. *See In re Pitts*, 2009 Bankr. LEXIS 4023 at *21-22.

13.    As outlined in *Adler*, although some courts have limited *Queenie* to Chapter 11 Reorganizations, the foregoing "illustration was neither limited to chapter 11 debtors nor did it require that a plan of reorganization be endangered. So long as the debtor was 'the real party defendant' during the relevant post-petition judicial proceeding, the automatic stay had applied. . . ." *In re Adler*, 494 B.R. at 59-60 (citing *Uto v. Job Site Servs.* 444 B.R. 222 (E.D.N.Y. 2011) and *Capital Records, Inc. v. MP3tunes,* LLC, 2012 U.S. Dist. LEXIS 87718, at *3-4 (S.D. N.Y. June 25, 2010)). Nevertheless, a threat to a chapter 11 debtor's reorganization is also "a persuasive reason" for the stay to extend to a non-debtor. *In re Adler*, 494 B.R. at 60.

14.    Here, Gulf sued the Protected Parties to determine damages Gulf is owed from all of the Gulf entities, including the Gulf Debtors.

15.    This will have an adverse economic consequence to the Debtors' estates because a judgment in the District Court Action will potentially force the Bankruptcy Court to accept the amount of Gulf's potential proof of claim under the doctrines of collateral estoppel and res judicata.

16.    Gulf is using the District Court Action to bypass the Bankruptcy Court's determination of how much is really owed to Gulf.  Furthermore, it is anticpated that Gulf will be paid in full upon the sale of substantially all of the Gulf Debtors' assets, thereby rendering the District Court Action as moot.

17.    Additionally, the District Court Action was commenced after the Petition Date.

18.    Any judgment entered in the District Court Action will have a negative effect on the Debtors' estates as well as the Debtors' creditors inasmuch it will set the damages that the Protected Parties and the Debtors owe Gulf to the detriment of the Debtors' estates and creditors.

19.    The Debtors' potential liquidation of substantially all of the Gulf Debtors' assets will be in serious jeopardy if the District Court Action is allowed to continue and the damages the Gulf Debtors each owe Gulf is established.

20.    As part of the sale of substantially all of their assets, the Gulf Debtors must cure the defaults in order to assume and subsequently assign the Franchise Agreements and Leases.

21.    By establishing damages outside of the Bankruptcy Court, the District Court Action is set to potentially establish damages in excess of what Gulf is actually owed, particularly in light of the Credit Card Receipts, the Security Deposits and the Undocumented Gas, all of which Gulf has yet to account for.

22.    In doing so, Gulf may create cure amounts far in excess of the potential sale price of substantially all of the Gulf Debtors' assets, making a cure impossible.

23.    The foregoing constitutes "unusual circumstances" such that the District Court Action should be stayed from proceeding.

24.    Accordingly, the Debtors respectfully request that the Court enter an order extending the automatic stay pursuant to Bankruptcy Code §362 to the District Court Action.

## CONCLUSION

25.    No previous request for the relief requested herein has been made to this or any other Court

**WHEREFORE,** the Debtors respectfully request that the Court grants the Debtors' request and enter an order staying the District Court Action on shortened notice and granting such other and further relief as this Court deems just and proper.

_____
MICHAEL J. MACCO

Sworn to before me this
3rd day of March, 2015

_____
NOTARY PUBLIC

Cooper J Macco
Notary Public, State of NY
2MA6279300
Qualified in Suffolk County
Commission Expires April 8, 201_7_

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| Medford Development Corp. | Case No. 8-14-75666 (AST) |
| Motor Parkway Enterprises Inc. | Casc No. 8-14-75667 (AST) |
| Airport Development Corp. | Case No. 8-14-75683 (AST) |
| Wheeler Development LLC | Case No. 8-14-75668 (AST) |
| Smithtown Development Corp. | Case No. 8-14-75669 (AST) |
| Brentwood Development Corp. | Case No. 8-14-75670 (AST) |
| Holbrook Development Corp. | Case No. 8-14-75671 (AST) |
| Carman Development Corp. | Case No. 8-14-75672 (AST) |
| Maple Avenue Hauppauge Dev. Corp. | Case No. 8-14-75674 (AST) |
| Port Jefferson Development Corp. | Case No. 8-14-75675 (AST) |
| Ronkonkoma Development Corp. | Case No. 8-14-75676 (AST) |
| Islandia Development Corp. | Case No. 8-14-75677 (AST) |
| Oceanside Enterprises Inc. | Case No. 8-14-75678 (AST) |
| Islip Development Corp. | Case No. 8-14-75679 (AST) |
| Westbury Enterprises Inc. | Case No. 8-14-75680 (AST) |

Debtors.

(Jointly Administered)

------------------------------------------------------------------------ X

Medford Development Corp., Motor Parkway Enterprises
Inc., Airport Development Corp., Wheeler Development
LLC, Smithtown Development Corp., Brentwood
Development Corp., Holbrook Development Corp.,
Carman Development Corp., Maple Avenue Hauppauge
Dev. Corp., Port Jefferson Development Corp.,
Ronkonkoma Development Corp., Islandia Development
Corp., Oceanside Enterprises Inc., Islip Development
Corp., and Westbury Enterprises Inc.,

Adv. Pro. No. 15-_____ (AST)

Plaintiffs,

- against -

Cumberland Farms, Inc., and Gulf Oil Limited
Partnership,

Defendants.

------------------------------------------------------------------------ X

## COMPLAINT

Medford Development Corp., and its affiliated entities (collectively, the "Debtors" or "Plaintiffs"),[1] the above-referenced debtors and debtors-in-possession, as plaintiff in this adversary proceeding, by and through their proposed counsel, Macco & Stern, LLP, complaining of defendants Cumberland Farms, Inc. ("Cumberland") and Gulf Oil Limited Partnership ("Gulf Oil", and collectively with Cumberland, "Gulf"), respectfully represents as follows:

## JURISDICTION

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (B), and (O). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for relief are 28 U.S.C. §§2201, *et seq.*, sections 105(a) and 362(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable hereto by Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Bankruptcy Rule 7001(7) and (9).

## THE PARTIES

2.     Medford Development Corp. is a New York corporation.

3.     Motor Parkway Enterprises Inc. is a New York corporation.

4.     Airport Development Corp. is a New York corporation.

5.     Wheeler Development LLC is a New York limited liability company.

6.     Smithtown Development Corp. is a New York corporation.

---

[1] The Debtors, with associated case numbers, are as follows: (1) Medford Development Corp.; (2) Motor Parkway Enterprises, Inc.; (3) Airport Development Corp.; (4) Wheeler Development LLC; (5) Smithtown Development Corp.; (6) Brentwood Development Corp.; (7) Holbrook Development Corp.; (8) Carman Development Corp.; (9) Maple Avenue Hauppauge Dev. Corp.; (10) Port Jefferson Development Corp.; (11) Ronkonkoma Development Corp.; (12) Islandia Development Corp.; (13) Oceanside Enterprises Corp.; (14) Islip Development Corp.; and (15) Westbury Enterprises Inc.

7.    Brentwood Development Corp. is a New York corporation.

8.    Holbrook Development Corp. is a New York corporation.

9.    Carman Development Corp. is a New York corporation.

10.    Maple Avenue Hauppauge Dev. Corp. is a New York corporation.

11.    Port Jefferson Development Corp. is a New York corporation.

12.    Ronkonkoma Development Corp. is a New York corporation.

13.    Islandia Development Corp. is a New York corporation.

14.    Oceanside Enterprises Inc. is a New York corporation.

15.    Islip Development Corp. is a New York corporation.

16.    Westbury Enterprises Inc. is a New York corporation, upon information and belief.

17.    Upon information and belief, Cumberland is a Delaware corporation with its principal place of business located at 100 Crossing Boulevard, Framingham, Massachusetts, authorized to do business in the State of New York.

18.    Upon information and belief, Gulf Oil is a Delaware limited partnership with its principal place of business located at 100 Crossing Boulevard, Framingham, Massachusetts, authorized to do business in the State of New York.

### BACKGROUND

**Procedural Background**

19.    On December 24, 2014 (the "Petition Date"), the Debtors filed separate voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

20.    On December 24, 2014, the Debtors filed a motion to employ Macco & Stern as attorneys for the Debtors.

3

21.     On December 31, 2014, the Debtors filed a motion for joint administration of their bankruptcy cases pursuant to Bankruptcy Rule 1015(b).

22.     On or about January 9, 2015, the Court entered an order jointly administering the Debtors' cases.

23.     On or about January 13, 2015, the Debtors filed a motion for an order: (i) authorizing and approving the sale of substantially all of certain Debtors assets, including of sale procedures and assignment procedures, subject to higher and better offers; (ii) authorizing the Debtors to assume and assign certain executory contracts and unexpired leases; and (iii) extending the Debtors' time to assume or reject executory contracts and unexpired leases (the "Sale Motion").[2]

24.     On or about January 30, 2015, the Court entered an order approving modified sales procedures in connection with the Sale Motion (the "Sale Procedures Order").

25.     The Debtors are authorized to operate their businesses as debtors-in-possession under Bankruptcy Code §§1107 and 1108.  To date, the Office of the United States Trustee (the "UST") has not appointed a chapter 11 trustee or official committee of unsecured creditors.

**Gas Station Operation**

26.     Prior to the Petition Date, each of the Debtors operated a gas station.

27.     In connection with the Debtors' operation of gas stations, Debtors each entered into two agreements: (1) a Dealer Contract of Sale, with related agreements, which is a franchise agreement (the "Franchise"), and (2) a Retail Motor Fuel Outlet Lease, which is a lease of the

---

[2] The Sale Motion relates to the following Debtors only: (1) Medford Development Corp.; (2) Oceanside Development Corp.; (3) Islip Development Corp.; (4) Islandia Development Corp.; (5) Smithtown Development Corp.; (6) Westbury Enterprises, Inc.; (7) Ronkonkoma Development Corp.; (8) Brentwood Development Corp.; and (9) Airport Development Corp.; and (10) Wheeler Development LLC.

premises at which the Debtors operate the gas stations (the "Lease," and collectively with the Franchise, an "Agreement").

28.     Ten (10) of the Debtors entered into these Agreements with Gulf.  The ten (10) entities (collectively, the "Gulf Debtors") are as follows: (1) Medford Development Corp.; (2) Oceanside Development Corp.; (3) Islip Development Corp.; (4) Islandia Development Corp.; (5) Smithtown Development Corp; (6) Westbury Enterprises, Inc.; (7) Ronkonkoma Development Corp; (8) Brentwood Development Corp.; and (9) Airport Development Corp.; and (10) Wheeler Development LLC.

29.     Due to an offset of the Debtors' bank account by its secured creditor, New York Commercial Bank ("NYCB"), the Debtors were unable to pay for gas supplies in the weeks leading up to the Petition Date.

30.     Due to that offset, the Gulf Debtors defaulted under the terms of the Agreement with Gulf (each, a "Default").

31.     Despite the Defaults, none of the Agreements with Gulf terminated prior to the Petition Date.

32.     Upon information and belief, after the Petition Date, Gulf served the Gulf Debtors and various non-debtor entities with Notices of Franchise Termination (the "Termination Notices").

33.     As part of the Sale Motion, the Gulf Debtors seek to cure all Defaults, assume the Agreements, and assign the Agreements to each successful purchaser of substantially all of the Gulf Debtors' assets.

34.     Annexed to the Sale Motion as Exhibit B, the Gulf Debtors provided proposed cure amounts for each of the Defaults based on information from Gulf's website, including

5

accounting for security deposits each of the Gulf Debtors had provided to Gulf upon execution of the Agreements (each, a "Security Deposit"). A copy of the spreadsheet showing all of the Security Deposits held by Gulf is annexed hereto as **Exhibit A**.

35.    Additionally, Gulf owes the Debtors amounts for credit card receipts processed by Gulf for gas sold between NYCB's offset and the Petition Date (the "Credit Card Receipts"). A copy of the spreadsheet showing all of the Credit Card Receipts held by Gulf is annexed hereto as **Exhibit B**.

36.    On or about January 10, 2015, Gulf and the Debtors entered into a written agreement whereby the Debtors granted access to the Gulf Debtors' locations in an attempt to secure Gulf's property (the "Access Agreement").

37.    Pursuant to the Access Agreement, Gulf safe guarded various Gulf Debtor locations over the next few weeks. During Gulf's safe guarding of the Gulf Debtor locations, each of the Gulf Debtors had gas in its holding tank (the "Undocumented Gas").

38.    On January 26, 2015, during the Court's hearing on the Sale Motion, the Court directed Gulf account for the Undocumented Gas by reducing any cure amount related to the Sales Motion or subsequently filed proof of claim.

### District Court Action

39.    On or about February 6, 2015, Gulf commenced a civil action against Cedarhurst Development Corp. ("Cedarhurst"), Steve Keshtgar ("Steve"), and Shoreh Keshtgar ("Shoreh", and together with Cedarhurst and Steve, the "Protected Parties") and other unknown entities and persons in the United States District Court for the Eastern District of New York, entitled *Cumberland Farms, Inc., and Gulf Oil Limited Partnership v. Steven Keshtgar, Shoreh Keshtgar,*

*Cedarhurst Development Corp., John Doe Corporations 1 Through 10, and John and Jane Does 1 Through 1,* assigned index number 15-CV-00580 (LDW) (AKT) (the "District Court Action").

40.    The District Court Action does not refer to the Security Deposits, the Credit Card Receipts or the Undocumented Gas.

41.    Instead, Gulf demands over $2.5 Million in damages when they are fully aware that the amount is significantly less.

42.    On February 9, 2015, Gulf filed: (1) a motion for entry of an order withdrawing the referenced to the Bankruptcy Court (the "Withdrawal Motion"); (2) a motion for an expedited hearing on the Withdrawal Motion (the "Hearing Motion"); and (3) a motion for entry of an order staying proceedings pending determination of the Withdrawal Motion (the "Stay Motion", and collectively, with the Withdrawal Motion and the Hearing Motion, the "Motions").

43.    The sole purpose of the Motions is to delay and ultimately block the pending sale of substantially all of the Gulf Debtors' assets.

44.    Notwithstanding that the Debtors intend to cure all Defaults and pay Gulf in full, Gulf continues to claim it is suffering irreparable harm due to the delays in payment of cure amounts while simultaneously delaying such payment by delaying the sales of substantially all of the Gulf Debtors' assets.

45.    Despite the District Court Action being filed against the Protected Parties and not the Debtors, Gulf is seeking a final determination of the amounts due to all counter-parties to the Agreement, including the Gulf Debtors, the Chapter 7 Debtors, and the Protected Parties.

46.    Upon information and belief, Gulf intends to use this judgment as proof of its claim against the estate of the Debtors.

47.    The appropriate forum to litigate the damages due to Gulf is the Bankruptcy Court, not the District Court.

48.    The District Court Action, like the Motions, was commenced to delay and ultimately block the sale process, and attempt to litigate the damages that Gulf is owed in the Debtors' bankruptcy cases outside the reach of the Bankruptcy Court.

49.    The likelihood of a successful sale of substantially all of the Gulf Debtors' assets is greatly reduced while: (a) the Debtors' principal is forced to defend himself on issues present in the Debtors' bankruptcy cases in a separate action; and (b) Gulf seeks a determination as to damages due for the Defaults.

50.    Moreover, although not a defendant in the District Court Action, any resulting judgment will have an effect on the Debtors' bankruptcy cases because Gulf is attempting to litigate damages outside the jurisdiction of the Bankruptcy Court.

## AS AND FOR THE FIRST CAUSE OF ACTION

51.    Debtors repeat and re-allege the allegations contained in paragraphs "1" through "50" as more fully set forth above.

52.    Debtors seek a declaratory judgment pursuant to 28 U.S.C. §§2201, *et seq.*, Bankruptcy Code §157, and Bankruptcy Rule 7001(9) with respect to the legal relations of the parties to the District Court Action, including the Debtor and Protected Parties, that the automatic stay of Bankruptcy Code §362 extends to stay the continued prosecution of the District Court Action against the non-Debtor Protected Parties.

53.    There is an actual, justiciable controversy between the Debtor, the Protected Parties and Gulf as to whether the automatic stay of Bankruptcy Code §362 applied to the

8

continued prosecution of the District Court Action against the Protected Parties while the identical claims against the Debtors are determined in the Bankruptcy Court.

54.    Bankruptcy Code §362(a)(1) operates as a stay against "the commencement or continuation...of a judicial...or other proceeding against the debtor" that was commenced before the Petition Date.

55.    Bankruptcy Code §362(a)(3) operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

56.    Bankruptcy Code §362(a)(6) operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

57.    Bankruptcy Code §541(a)(1) provides that the "estate is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case."

58.    Because there is an identity between the Debtors and the Protected Parties, the claims in the District Court Action against the Protected Parties ae effectively claims against the Debtors and the Debtors and the Debtors' estate in violation of Bankruptcy Code §362(a)(1) prohibiting the commencement of a judicial proceeding against the Debtor, Bankruptcy Code §362(a)(3) prohibiting "any act to obtain possession of property of the estate or of property from the estate or to exercise control over the property of the estate", and Bankruptcy Code §362(a)(6) prohibiting "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

59.    The immediate and irreparable adverse consequences of a judgment against the Protected Parties would effectively assess a claim against the Debtors' estate in the amount of

9

the judgment outside of the Bankruptcy Court in direct violation of Bankruptcy Code §362(a)(6), to the detriment of the Debtors' estates and creditors, thereby obtaining a benefit not otherwise available to the Debtors' other creditors due to the automatic stay.

60.    In such event, unless the automatic stay of Bankruptcy Code §362 is extended by declaratory judgment, sought herein, to stay the claims in the District Court against the Protected Parties, Gulf will impermissibly achieve what they are indisputably prohibited from achieving against the Debtor pursuant to Bankruptcy Code §362(a).

61.    The Debtors submit that, under these circumstances involving immediate and irreparable adverse consequences to the Debtors' estates and creditors, the Court should enter an order declaring that the automatic stay of Bankruptcy Code §362(a) extends to stay the claims in the District Court Action against the Protected Parties.

62.    Based on the foregoing, the Debtors seek a declaratory judgment extending the automatic stay under Bankruptcy Code §§362(a)(1),(3) and (6) to stay the continued prosecution of the District Court Action against the Protected Parties.

## AS AND FOR THE SECOND CLAIM FOR RELIEF

63.    Debtors repeat and re-allege the allegations contained in paragraphs "1" through "62" as more fully set forth above.

64.    The Debtors seek preliminary and permanent injunctions staying the continued prosecution of the District Court Action against the Protected Parties under Bankruptcy Code §105(a) until the effective date of a plan of sale of substantially all of the Gulf Debtors' assets or further order of this Court.

65.    Bankruptcy Code §105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

10

66.    An injunction of claims against the Protected Parties in the District Court Action is necessary to preserve and maximize the Debtors' estate and enable the Debtors to have a public auction and close the sale of substantially all of the Gulf Debtors' assets that provides for the distribution of certain assets of the estate for the benefit of its creditors, including curing all Defaults owed to Gulf in full.

67.    Pursuant to the broad powers conferred by Bankruptcy Code §105(a), and applicable case law, bankruptcy courts have granted injunctions to enjoin claims against non-debtors where claims against non-debtors may affect property of the estate and findings, conclusions or judgments in non-bankruptcy litigation would prejudice the estate. Bankruptcy Code §105(a) has been construed liberally to enjoin actions that might impede the sale of substantially all of the Gulf Debtors' assets. Accordingly, an injunction should be granted under Bankruptcy Code §105(a) enjoining the continuation of the District Court Action against the Protected Parties.

68.    The continued litigation of any claims against the Protected Parties will have a direct negative impact on the Debtors' estate.  Although claims against the Debtors regarding damages to Gulf have been made in Gulf's written opposition to the Sale Motion, claims which are identical to those made against the Protected Parties in the District Court Action, without an injunction of the District Court Action, Gulf is able to pursue these claims against the Protected Parties in the District Court Action.  This would effectively make the sale of substantially all of the Gulf Debtors' assets by the Debtors impossible and in all likelihood compel the Protected Parties, one of whom manages all of the business affairs of the Debtors, including the sale of substantially all of the Gulf Debtors' assets efforts, to seek individual bankruptcy protection.

11

69.     The continued prosecution of the claims in the District Court Action against the Protected Parties, which are identical to the claims against the Debtors to be decided in the Bankruptcy Court, is tantamount to unpermitted litigation against the Debtors because it would impose the same burdens on the Debtors as a direct action against the Debtors, thereby nullifying the protection of the automatic stay of the District Court Action as to the Debtors pursuant to Bankruptcy Code §362(a).

70.     Moreover, in view of the fact that the claims in the District Court Action as to the monetary liability of the Debtors and the Protected Parties are identical, the Debtors would face the risk of negative consequences from the continued prosecution of the District Court Action as to the Protected Parties under the doctrines of collateral estoppel, *res judicata* and/or other legal theories involving evidentiary prejudice, thereby nullifying the benefits of the automatic stay to which the Debtors are entitled.

71.     The continued prosecution of the District Court Action and the liability which the Protected Parties face in those actions will distract and impede the Protected Parties from their indispensable, managerial efforts which are necessary for the continued operation of the Debtors' businesses as a debtor-in-possession and for successful sale of substantially all of the Gulf Debtors' assets under the Bankruptcy Code.

72.     Bankruptcy Code §362(a) also operates as a stay of the commencement or continuation of any action that was or could have been filed against the debtor before the filing of the debtor's petition, or to recover a pre-petition claim against the debtor. 11 U.S.C. § 362(a)(1). Although the express language of Bankruptcy Code §362(a)(1) refers only to actions against the debtor, courts have routinely relied on Bankruptcy Code §105(a) to extend the automatic stay to enjoin actions against non-debtors where the continued prosecution of such

12

actions would undermine the Debtors ability to accomplish the purposes of these chapter 11 cases.

73.    Here, the Protected Parties, one of whom is the Debtors' principal, play a critical role in the conduct of the chapter 11 case.  As the management of the Debtor, the Protected Parties are currently focusing their efforts on dealing with a variety of issues that are vital to the Debtor's efforts to continue their ongoing business operations and to develop and propose a viable sale of substantially all of the Gulf Debtors' assets for the ultimate benefit of the Debtors' estates and creditors.  The additional burdens demanded by participation of the Protected Parties in the District Court Action and especially with respect to a judgment on the damages that the Protected Parties and the Debtors owe Gulf would cause irreparable harm to the Debtors and compromise the Protected Parties' ability to manage the Debtors, hold a public auction and close the sale of substantially all of the Gulf Debtors' assets by diverting their time and attention from critical tasks.  Accordingly, the extension of the automatic stay to enjoin the District Court Action against the Protected Parties is appropriate and consistent with the overall goals of the Bankruptcy Code.

74.    The Debtors are entitled to preliminary and permanent injunctions under Bankruptcy Code §105(a), enjoining the prosecution of claims against the Protected Parties in the District Court Action.

## AS AND FOR THE THIRD COUNT FOR RELIEF

75.    Debtors repeat and re-allege the allegations contained in paragraphs "1" through "74" as more fully set forth above.

76.    The Debtors seek preliminary and permanent injunctions under Federal Rule 65, made applicable hereto by Bankruptcy Rule 7065, preventing Gulf from pursuing the District

13

Court Action against the Protected Parties pending the sale of substantially all of the Gulf Debtors' assets, resolution of this adversary proceeding or until such time as this Court may otherwise determine.

77.    An injunction may be granted under Federal Rule 65 if the following factors are present: (1) irreparable harm to the movant in the absence of an injunction; (2) either (a) likelihood of success on the merits, or (b) a sufficiently serious question going to the merits to make it a fair ground for litigation and a balance of hardships tipping decidedly toward the movant; and (3) granting the injunction will serve the public interest.

78.    As is manifestly clear from the facts described above, the Debtors will be irreparably harmed without preliminary and permanent injunctions to enjoin the prosecution of claims against the Protected Parties in the District Court Action.  Continued litigation of the claims against the Protected Parties in the District Court Action would cause irreparable harm to the Debtors' estates due to the determination of the amount of Gulf's claim, which, in turn, would account for a large percentage of purchase price of substantially all of the Gulf Debtors' assets.  The amount of the demand in the District Court Action is too great, particularly when considering Gulf did not account for the Security Deposits, the Credit Card Receipts and the Undocumented Gas. If the Gulf Debtors are not allowed to satisfy the Defaults from the proceeds of the sale of substantially all of the Gulf Debtors', the Debtors chances of providing a benefit to the Debtors' estates and creditors is eliminated.  This affects the Debtors' creditors because NYCB has promised a significant carve-out to the Debtors' estates to satisfy the claims held by creditors of the estate, which would be greatly reduced if Gulf litigates the District Court Action and effectively deprive the Debtor of the ability to provide a benefit to the Debtors' estates and creditors.

14

79.     The Debtors are able to satisfy the "likelihood of success" factor, which should be evaluated based on the debtor's "likelihood of a sale of substantially all of the Gulf Debtors' assets." The Debtor commenced this chapter 11 case to sell substantially all of the Gulf Debtors' assets. The Sale Motion included stalking horse contracts. The Debtors have retained a broker to market the assets and hold the public auction. The Debtors continue to receive solicitations for information from interested parties hoping to place an overbid. The public auction, hearing approving the sale, and closing date have all be scheduled.

80.     The Debtors intend to use the funds generated from the sale of the substantially all of the Gulf Debtors' assets to cure all of the Defaults and pay down the amounts owed to NYCB, who has promised to make a significant donation to the Debtors' estate which would benefit the Debtors other creditors. A benefit to the Debtors' unsecured creditors is equivalent to serving the public interest. An injunction would permit the Protected Parties as the management of the Debtor to focus on such sale without the major distraction and expense of their involvement in the District Court Action, which would hurt the Debtors' unsecured creditors.

81.     Any harm suffered by Gulf is vastly outweighed by the harm suffered by the Debtors, the Debtors' estates and creditors in the absence of an injunction. The District Court Action presents claims against the Protected Parties which are identical to Gulf's claims against the Debtors in the Debtors' bankruptcy cases and can be addressed in the course of the Debtors' chapter 11 cases. Granting the preliminary and permanent injunctions will enable the Debtor to continue pursuing the sale of substantially all of the Gulf Debtors' assets under the Bankruptcy Code. The "public interest" is satisfied if granting the injunction would allow the Debtors to do so.

15

82.     If Gulf continues to prosecute the District Court Actions against the Protected Parties forcing, among other things, the insolvency of the Protected Parties, it will only decrease the value of Gulf's claims against the Debtor for the reasons set forth above. Injunctive relief as to continued prosecution by Gulf of the District Court Action against the Protected Parties will not diminish the alleged liability of the Protected Parties. In fact, it would benefit Gulf because the Debtors intend to pay Gulf in full to cure the Defaults incident to the assumption and assignment of the Agreement. Thus, any harm suffered by Gulf from injunctive relief is vastly outweighed by the benefit Gulf would receive if the sale of the Gulf Debtors' assets is closed and the irreparable harm to the Debtors if the injunctive relief is not ordered by the Court.

83.     The Debtors are entitled to preliminary and permanent injunctions under Federal Rule 65, made applicable hereto by Bankruptcy Rule 7065, preventing Gulf from pursuing the District Court Action against the Protected Parties pending the sale of substantially all of the Gulf Debtors' assets, resolution of this adversary proceeding or until such time as this Court may otherwise determine.

84.     The Court should provide for the injunctive relief requested herein by the Debtors without requiring the provision by the Debtor of any security pursuant to Bankruptcy Rule 7065(c).

### AS AND FOR THE FOURTH COUNT FOR RELIEF

85.     Debtors repeat and re-allege the allegations contained in paragraphs "1" through "84" as more fully set forth above.

86.     Debtors respectfully request a temporary restraining order enjoining Gulf from pursuing the District Court Action against the Protected Parties pending the Court's resolution of this adversary proceeding.

87.    In order to preserve the status quo while the Debtors file a motion for a declaratory judgment, and preliminary and permanent injunctions, and in order to prevent irreparable harm to the Debtors as described herein, the Debtors request that the Court issue a temporary restraining order enjoining and restraining Gulf, their attorneys, and any other person or party, from the further prosecution of the District Court Action against the Protected Parties, or of any other litigation affecting property in which the Debtors have a legal, equitable, beneficial, contractual, or other interest, for such time as will enable the Court to issue a ruling.

88.    Absent a temporary restraining order, continued prosecution of the District Court Action against the Protected Parties will distract and impede the Protected Parties from their managerial efforts, including assisting in the sale of substantially all of the Gulf Debtors' assets. As a consequence, the automatic stay pursuant to Bankruptcy Code §362(a) will be circumvented and nullified by allowing Gulf to pursue the District Court Action and the Debtors will suffer irreparable harm as its principals will not be able to focus on the sale of substantially all of the Gulf Debtors' assets, Gulf's claim will be determined, and the purpose of the Bankruptcy Code, fair treatment and payment of all the Debtors' creditors, will be frustrated.

89.    The Debtors are entitled to a temporary restraining order enjoining Gulf from pursuing the District Court Action against the Protected Parties pending the Court's resolution of this adversary proceeding.

90.    The Court should provide for the temporary restraining order relief requested herein by the Debtor without requiring the provision by the Debtor of any security pursuant to Bankruptcy Rule 7065(c).

91.    No previous request for the relief requested herein has been made to this or any other Court.

17

**WHEREFORE,** Debtors respectfully demand judgment as follows:

(A)    As and for the first cause of action, the Debtors respectfully request a declaratory judgment pursuant to 28 U.S.C. §§2201, *et seq.*, Bankruptcy Code §157, and Bankruptcy Rule 7001(9) with respect to the legal relations of the parties to the District Court Action, including the Debtor and Protected Parties, that the automatic stay of Bankruptcy Code §362 extends to stay the continued prosecution of the District Court Action against the non-Debtor Protected Parties.

(B)    As and for the second cause of action, the Debtors respectfully request preliminary and permanent injunctions staying the continued prosecution of the District Court Action against the Protected Parties under Bankruptcy Code §105(a) until the effective date of a plan of sale of substantially all of the Gulf Debtors' assets or further order of this Court.

(C)    As and for the third cause of action, the Debtors respectfully request preliminary and permanent injunctions under Federal Rule 65, made applicable hereto by Bankruptcy Rule 7065, preventing Gulf from pursuing the District Court Action against the Protected Parties pending the sale of substantially all of the Gulf Debtors' assets, resolution of this adversary proceeding or until such time as this Court may otherwise determine.

(D)    As and for the third cause of action, the Debtors respectfully request a temporary restraining order enjoining Gulf from pursuing the District Court Action against the Protected Parties pending the Court's resolution of this adversary proceeding.

(E)    An order granting the Debtors such other and further relief as this Court deems just and proper.

Dated: February __, 2015
      Melville, New York

                                     **MACCO & STERN, LLP**
                                     Attorneys for the Debtors

By:    _____
            Michael J. Macco, Esq.
            Peter Corey, Esq.
            Cooper J Macco, Esq.
            135 Pinelawn Road, Suite 120 South
            Melville, New York 11747
            (631) 549-7900

# EXHIBIT A

| Cust # | Customer Name | Wednesday Total EFT 12-24-2014 | Thursday - Prenote Total EFT 12-26-2014 | Due After 12-18-2014 | Total Open AR | Security | AR - Security | Plus Net Note Rec 11-30-14 | Total Due |
|---|---|---|---|---|---|---|---|---|---|
| 2200941 | BOHEMIA DEVELOPMENT CORP (BOHEMIA) - CGD | $52,884.74 | | $27,145.28 | $80,030.02 | $54,576 | $25,454 | $0 | $25,454 |
| 2200942 | WHEELER DEVELOPMENT (HAUPPAUGE) - CGD | $54,442.75 | | $33,585.85 | $88,028.60 | $61,626 | $26,402 | $98,125 | $124,527 |
| 2200972 | AIRPORT DEVELOPMENT CORP (JAMAICA) - CGD | $72,381.35 | | $18,209.91 | $90,591.26 | $41,961 | $48,630 | $100,861 | $149,491 |
| 2201031 | ISLANDIA DEVELOPMENT CORP (HAUPPAUGE) - CGD | $47,299.71 | | $32,521.76 | $79,821.47 | $52,439 | $27,383 | $74,405 | $101,788 |
| 2201058 | OCEANSIDE ENTERPRISES INC (OCEANSIDE) - CGD | $51,031.20 | | $31,704.60 | $82,735.80 | $62,960 | $19,776 | $43,960 | $63,736 |
| 2201107 | MEDFORD DEVELOPMENT CORP (MEDFORD) - CGD | $72,589.10 | | $66,496.52 | $139,085.62 | $54,905 | $84,181 | $167,710 | $251,891 |
| 2201114 | RONKONKOMA DEVELOPMENT CO (RONKONKOMA) - CGD | $13,049.17 | | $29,622.77 | $42,671.94 | $56,163 | ($13,491) | $70,086 | $56,595 |
| 2201235 | BRENTWOOD DEVELOPMENT CO (BRENTWOOD) - CMD | $38,435.31 | | $39,721.57 | $78,156.88 | $8,616 | $69,541 | $107,817 | $177,357 |
| 2201237 | CENTEREACH DEVELOPMENT CO (CENTEREACH) - CMD | $31,543.18 | | $34,618.21 | $66,161.39 | $4,183 | $61,978 | $48,695 | $110,673 |
| 2201239 | CORAM ASSOCIATES CORP (CORAM) - CMD | $22,320.06 | | $38,045.08 | $60,365.14 | $8,965 | $51,400 | $82,013 | $133,413 |
| 2201244 | NORTHPORT ENTERPRISES INC (EAST NORTHPORT) - CMD | $76,623.15 | | $33,570.99 | $110,194.14 | $8,080 | $102,115 | $292 | $102,407 |
| 2201245 | A & B MART & SERVICE INC (EAST PATCHOGUE) - CMD | $20,696.36 | | $36,624.05 | $57,320.41 | $39,089 | $18,232 | $79,980 | $98,212 |
| 2201255 | HAUPPAUGE DEVELOPMENT CO (HAUPPAUGE) - CMD | $18,998.24 | | $36,174.87 | $55,173.11 | $4,257 | $50,916 | $82,221 | $133,137 |
| 2201265 | ISLIP DEVELOPMENT CORP (ISLIP TERRACE) - CMD | $30,982.60 | | $37,649.92 | $68,632.52 | $4,711 | $63,922 | $39,054 | $102,976 |
| 2201291 | SMITHTOWN DEVELOPMENT CO (SMITHTOWN) - CMD | $34,793.83 | | $34,841.15 | $69,634.98 | $52,724 | $16,911 | $119,124 | $136,036 |
| 2201299 | WESTBURY ENTERPRISES INC (WESTBURY) - CMD | $13,324.35 | | $38,644.58 | $51,968.93 | $47,713 | $4,256 | $127,596 | $131,852 |
| 2203384 | VALLEY STREAM ENT INC (VALLEY STREAM) - CMD | $14,014.20 | | $34,499.11 | $48,513.31 | $28,450 | $20,063 | $74,641 | $94,704 |
| 9001013 | CEDARHURST DEVELOPMENT CORP - CMD | $50,350.09 | | $22,619.09 | $72,969.18 | $43,997 | $28,972 | $0 | $28,972 |
| | TOTALS | $715,759.39 | $0.00 | $626,295.31 | $1,342,054.70 | $635,414 | $706,641 | $1,316,582 | 2,023,222.92 |

# EXHIBIT B

*H. M*

## Credit Cards

| Transaction Date | Merchant No | | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|---|
| 01/11/2015 | 9749730 | | 800051 | XM011115000003 | | (490.00) | 0.00 | 0.00 | (490.00) |
| 12/25/2014 | 9749730 | | 800051 | XM122514000003 | | 155.86 | 0.00 | (3.46) | 152.40 |
| 12/24/2014 | 9749730 | | 800051 | XM122414000003 | | 322.74 | 0.00 | (8.03) | 314.71 |
| 12/23/2014 | 9749730 | | 800051 | XM122314000003 | | 333.77 | 0.00 | (8.80) | 324.97 |
| 12/22/2014 | 9749730 | | 800051 | XM122214000003 | | 199.08 | 0.00 | (5.27) | 193.81 |
| 12/21/2014 | 9749730 | | 800051 | XM122114000003 | | 365.67 | 0.00 | (8.36) | 357.31 |
| 12/20/2014 | 9749730 | | 800051 | XM122014000003 | | 3,651.25 | 0.00 | (68.56) | 3,582.69 |
| 12/19/2014 | 9749730 | | 800051 | XM121914000003 | | 3,787.97 | 0.00 | (74.56) | 3,713.41 |
| 12/18/2014 | 9749730 | | 800051 | XM121814000003 | | 3,672.56 | 0.00 | (57.25) | 3,615.31 |
| 12/17/2014 | 9749730 | | 800051 | XM121714000003 | | 3,797.42 | 0.00 | (62.84) | 3,734.58 |
| | | | Total | | | 15,796.32 | 0.00 | (297.13) | 15,499.19 |



C.DH

## Credit Cards

| Transaction Date | Merchant No | | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|---|
| 12/25/2014 | 9749680 | | 800034 | XM122514000003 | | 10.07 | 0.00 | (0.23) | 9.84 |
| 12/24/2014 | 9749680 | | 800034 | XM122414000003 | | 48.10 | 0.00 | (0.81) | 47.29 |
| 12/23/2014 | 9749680 | | 800034 | XM122314000003 | | 60.51 | 0.00 | (1.60) | 58.91 |
| 12/22/2014 | 9749680 | | 800034 | XM122214000003 | | 116.03 | 0.00 | (2.93) | 113.10 |
| 12/21/2014 | 9749680 | | 800034 | XM122114000003 | | 50.65 | 0.00 | (1.21) | 49.44 |
| 12/20/2014 | 9749680 | | 800034 | XM122014000003 | | 207.76 | 0.00 | (4.47) | 203.29 |
| 12/19/2014 | 9749680 | | 800034 | XM121914000003 | | 1,875.24 | 0.00 | (30.40) | 1,844.84 |
| 12/18/2014 | 9749080 | | 800034 | XM121814000003 | | 5,128.41 | 0.00 | (87.11) | 5,041.30 |
| 12/17/2014 | 9749680 | | 800034 | XM121714000003 | | 4,596.89 | 0.00 | (67.51) | 4,529.38 |
| | | Total | | | | 12,093.66 | 0.00 | (196.27) | 11,897.39 |

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 01/13/2015 | 9749185 | 800015 | XM011315000003 | | (60.00) | 0.00 | 0.00 | (80.00) |
| 12/25/2014 | 9749185 | 800015 | XM122514000003 | | 362.45 | 0.00 | (3.88) | 358.57 |
| 12/24/2014 | 9749185 | 800015 | XM122414000003 | | 466.95 | 0.00 | (12.31) | 454.64 |
| 12/23/2014 | 9749185 | 800015 | XM122314000003 | | 243.12 | 0.00 | (4.55) | 238.57 |
| 12/22/2014 | 9749185 | 800015 | XM122214000003 | | 501.98 | 0.00 | (6.23) | 495.75 |
| 12/21/2014 | 9749185 | 800015 | XM122114000003 | | 1,953.50 | 0.00 | (31.58) | 1,921.92 |
| 12/20/2014 | 9749185 | 800015 | XM122014000003 | | 3,421.87 | 0.00 | (42.22) | 3,379.65 |
| 12/19/2014 | 9749185 | 800015 | XM121914000003 | | 3,951.41 | 0.00 | (67.59) | 3,883.82 |
| 12/18/2014 | 9749185 | 800015 | XM121814000003 | | 3,365.90 | 0.00 | (51.17) | 3,314.73 |
| 12/17/2014 | 9749185 | 800015 | XM121714000003 | | 3,542.34 | 0.00 | (51.00) | 3,491.34 |
| | | | Total | | 17,749.52 | 0.00 | (270.53) | 17,478.99 |

Smithtown

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/26/2014 | 9749342 | 800032 | XM122614000003 | | 65.47 | 0.00 | (1.26) | 64.21 |
| 12/25/2014 | 9749342 | 800032 | XM122514000003 | | 144.35 | 0.00 | (4.10) | 140.25 |
| 12/24/2014 | 9749342 | 800032 | XM122414000003 | | 398.50 | 0.00 | (10.80) | 387.70 |
| 12/23/2014 | 9749342 | 800032 | XM122314000003 | | 389.44 | 0.00 | (7.63) | 381.81 |
| 12/22/2014 | 9749342 | 800032 | XM122214000003 | | 253.19 | 0.00 | (5.60) | 247.59 |
| 12/21/2014 | 9749342 | 800032 | XM122114000003 | | 491.66 | 0.00 | (11.56) | 480.10 |
| 12/20/2014 | 9749342 | 800032 | XM122014000003 | | 4,886.84 | 0.00 | (95.85) | 4,790.99 |
| 12/19/2014 | 9749342 | 800032 | XM121914000003 | | 3,861.78 | 0.00 | (68.81) | 3,792.97 |
| 12/18/2014 | 9749342 | 800032 | XM121814000003 | | 5,174.82 | 0.00 | (80.75) | 5,094.07 |
| 12/17/2014 | 9749342 | 800032 | XM121714000003 | | 5,289.64 | 0.00 | (83.61) | 5,206.03 |
| | | | Total | | 20,955.69 | 0.00 | (369.97) | 20,585.72 |

CVM

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/27/2014 | 9749169 | 800021 | XM122714000003 | | 129.46 | 0.00 | (3.33) | 126.13 |
| 12/25/2014 | 9749169 | 800021 | XM122514000003 | | 87.73 | 0.00 | (2.02) | 85.71 |
| 12/24/2014 | 9749169 | 800021 | XM122414000003 | | 127.93 | 0.00 | (3.64) | 124.29 |
| 12/23/2014 | 9749169 | 800021 | XM122314000003 | | 162.89 | 0.00 | (3.86) | 159.03 |
| 12/22/2014 | 9749169 | 800021 | XM122214000003 | | 139.62 | 0.00 | (3.89) | 135.73 |
| 12/21/2014 | 9749169 | 800021 | XM122114000003 | | 296.41 | 0.00 | (5.28) | 291.13 |
| 12/20/2014 | 9749169 | 800021 | XM122014000003 | | 2,366.24 | 0.00 | (31.74) | 2,334.50 |
| 12/19/2014 | 9749169 | 800021 | XM121914000003 | | 1,796.89 | 0.00 | (25.05) | 1,771.84 |
| 12/18/2014 | 9749169 | 800021 | XM121814000003 | | 1,798.75 | 0.00 | (24.45) | 1,774.30 |
| 12/17/2014 | 9749169 | 800021 | XM121714000003 | | 1,620.72 | 0.00 | (16.93) | 1,603.79 |
| | | | Total | | 8,526.64 | 0.00 | (120.19) | 8,406.45 |

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 01/28/2015 | 9749417 | 800029 | XM012815000003 | | (108.73) | 0.00 | 0.00 | (108.73) |
| 01/21/2015 | 9749417 | 800029 | XM012115000003 | | (29.06) | 0.00 | 0.00 | (29.06) |
| 12/27/2014 | 9749417 | 800029 | XM122714000003 | | 164.81 | 0.00 | (4.54) | 160.27 |
| 12/26/2014 | 9749417 | 800029 | XM122614000003 | | 123.04 | 0.00 | (3.62) | 119.42 |
| 12/25/2014 | 9749417 | 800029 | XM122514000003 | | 258.15 | 0.00 | (6.82) | 251.33 |
| 12/24/2014 | 9749417 | 800029 | XM122414000003 | | 1,122.37 | 0.00 | (17.09) | 1,105.28 |
| 12/23/2014 | 9749417 | 800029 | XM122314000003 | | 220.71 | 0.00 | (5.37) | 215.34 |
| 12/22/2014 | 9749417 | 800029 | XM122214000003 | | 218.93 | 0.00 | (4.02) | 214.91 |
| 12/21/2014 | 9749417 | 800029 | XM122114000003 | | 212.61 | 0.00 | (5.03) | 207.58 |
| 12/20/2014 | 9749417 | 800029 | XM122014000003 | | 1,585.17 | 0.00 | (27.19) | 1,557.98 |
| 12/19/2014 | 9749417 | 800029 | XM121914000003 | | 1,060.52 | 0.00 | (16.69) | 1,043.83 |
| 12/18/2014 | 9749417 | 800029 | XM121814000003 | | 2,598.07 | 0.00 | (35.55) | 2,562.52 |
| 12/17/2014 | 9749417 | 800029 | XM121714000003 | | 5,254.44 | 0.00 | (68.31) | 5,186.13 |
| | | | Total | | 12,681.03 | 0.00 | (194.23) | 12,486.80 |

CORAM

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/28/2014 | 9749565 | 800023 | XM122814000003 | | 3.56 | 0.00 | (0.20) | 3.36 |
| 12/26/2014 | 9749565 | 800023 | XM122614000003 | | 127.63 | 0.00 | (2.46) | 125.17 |
| 12/25/2014 | 9749565 | 800023 | XM122514000003 | | 340.13 | 0.00 | (9.09) | 331.04 |
| 12/24/2014 | 9749565 | 800023 | XM122414000003 | | 504.74 | 0.00 | (7.82) | 496.92 |
| 12/23/2014 | 9749565 | 800023 | XM122314000003 | | 325.29 | 0.00 | (7.94) | 317.35 |
| 12/22/2014 | 9749565 | 800023 | XM122214000003 | | 318.75 | 0.00 | (8.08) | 310.67 |
| 12/21/2014 | 9749565 | 800023 | XM122114000003 | | 1,446.52 | 0.00 | (27.90) | 1,418.62 |
| 12/20/2014 | 9749565 | 800023 | XM122014000003 | | 2,381.24 | 0.00 | (43.27) | 2,337.97 |
| 12/19/2014 | 9749565 | 800023 | XM121914000003 | | 2,029.33 | 0.00 | (35.10) | 1,994.23 |
| 12/18/2014 | 9749565 | 800023 | XM121814000003 | | 2,188.69 | 0.00 | (44.98) | 2,143.71 |
| 12/17/2014 | 9749565 | 800023 | XM121714000003 | | 2,359.95 | 0.00 | (35.64) | 2,324.31 |
| | | Total | | | 12,025.83 | 0.00 | (222.48) | 11,803.35 |



## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/27/2014 | 9749573 | 800025 | XM122714000003 | | 120.76 | 0.00 | (3.72) | 117.04 |
| 12/25/2014 | 9749573 | 800025 | XM122514000003 | | 82.78 | 0.00 | (1.67) | 81.11 |
| 12/24/2014 | 9749573 | 800025 | XM122414000003 | | 39.41 | 0.00 | (0.99) | 38.42 |
| 12/23/2014 | 9749573 | 800025 | XM122314000003 | | 107.02 | 0.00 | (3.15) | 103.87 |
| 12/22/2014 | 9749573 | 800025 | XM122214000003 | | 171.14 | 0.00 | (0.98) | 170.16 |
| 12/21/2014 | 9749573 | 800025 | XM122114000003 | | 2,369.83 | 0.00 | (35.40) | 2,334.43 |
| 12/20/2014 | 9749573 | 800025 | XM122014000003 | | 3,121.90 | 0.00 | (35.54) | 3,086.36 |
| 12/19/2014 | 9749573 | 800025 | XM121914000003 | | 2,940.74 | 0.00 | (41.72) | 2,899.02 |
| 12/18/2014 | 9749573 | 800025 | XM121814000003 | | 4,043.55 | 0.00 | (50.55) | 3,993.00 |
| 12/17/2014 | 9749573 | 800025 | XM121714000003 | | 2,688.74 | 0.00 | (33.40) | 2,655.34 |
| | | | Total | | 15,685.87 | 0.00 | (207.12) | 15,478.75 |

WBM

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/25/2014 | 9749326 | 800048 | XM122514000003 | | 440.21 | 0.00 | (10.16) | 430.05 |
| 12/24/2014 | 9749326 | 800048 | XM122414000003 | | 707.33 | 0.00 | (18.12) | 689.21 |
| 12/23/2014 | 9749326 | 800048 | XM122314000003 | | 372.52 | 0.00 | (11.14) | 361.38 |
| 12/22/2014 | 9749326 | 800048 | XM122214000003 | | 636.19 | 0.00 | (16.59) | 619.60 |
| 12/21/2014 | 9749326 | 800048 | XM122114000003 | | 605.98 | 0.00 | (15.10) | 590.88 |
| 12/20/2014 | 9749326 | 800048 | XM122014000003 | | 1,439.64 | 0.00 | (28.62) | 1,411.02 |
| 12/19/2014 | 9749326 | 800048 | XM121914000003 | | 1,483.90 | 0.00 | (28.81) | 1,455.09 |
| 12/18/2014 | 9749326 | 800048 | XM121814000003 | | 3,676.30 | 0.00 | (60.64) | 3,615.66 |
| 12/17/2014 | 9749326 | 800048 | XM121714000003 | | 3,779.73 | 0.00 | (55.10) | 3,724.63 |
| | | | Total | | 13,141.80 | 0.00 | (244.28) | 12,897.52 |

A & B

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/27/2014 | 9749847 | 800049 | XM122714000003 | | 0.44 | 0.00 | (0.10) | 0.34 |
| 12/26/2014 | 9749847 | 800049 | XM122614000003 | | 373.33 | 0.00 | (2.15) | 371.18 |
| 12/25/2014 | 9749847 | 800049 | XM122514000003 | | 374.41 | 0.00 | (7.85) | 366.58 |
| 12/24/2014 | 9749847 | 800049 | XM122414000003 | | 811.24 | 0.00 | (9.81) | 801.43 |
| 12/23/2014 | 9749847 | 800049 | XM122314000003 | | 600.40 | 0.00 | (11.22) | 589.18 |
| 12/22/2014 | 9749847 | 800049 | XM122214000003 | | 453.12 | 0.00 | (8.70) | 444.42 |
| 12/21/2014 | 9749847 | 800049 | XM122114000003 | | 514.16 | 0.00 | (7.31) | 506.85 |
| 12/20/2014 | 9749847 | 800049 | XM122014000003 | | 872.54 | 0.00 | (12.82) | 859.72 |
| 12/19/2014 | 9749847 | 800049 | XM121914000003 | | 1,572.46 | 0.00 | (28.80) | 1,543.66 |
| 12/18/2014 | 9749847 | 800049 | XM121814000003 | | 2,678.77 | 0.00 | (40.89) | 2,637.88 |
| 12/17/2014 | 9749847 | 800049 | XM121714000003 | | 2,522.16 | 0.00 | (36.14) | 2,486.02 |
| | | Total | | | 10,773.03 | 0.00 | (165.79) | 10,607.24 |

BREATWOOD

# Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/25/2014 | 9749409 | 800020 | XM122514000003 | | 237.08 | 0.00 | (6.56) | 230.52 |
| 12/24/2014 | 9749409 | 800020 | XM122414000003 | | 513.00 | 0.00 | (13.89) | 499.11 |
| 12/23/2014 | 9749409 | 800020 | XM122314000003 | | 531.42 | 0.00 | (14.99) | 516.43 |
| 12/22/2014 | 9749409 | 800020 | XM122214000003 | | 157.31 | 0.00 | (5.01) | 152.30 |
| 12/21/2014 | 9749409 | 800020 | XM122114000003 | | 306.88 | 0.00 | (8.48) | 298.40 |
| 12/20/2014 | 9749409 | 800020 | XM122014000003 | | 899.18 | 0.00 | (15.60) | 883.58 |
| 12/19/2014 | 9749409 | 800020 | XM121914000003 | | 5,460.65 | 0.00 | (111.93) | 5,348.72 |
| 12/18/2014 | 9749409 | 800020 | XM121814000003 | | 4,961.03 | 0.00 | (91.67) | 4,869.36 |
| 12/17/2014 | 9749409 | 800020 | XM121714000003 | | 4,535.35 | 0.00 | (88.73) | 4,446.62 |
| | | | Total | | 17,601.90 | 0.00 | (356.86) | 17,245.04 |

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/26/2014 | 823629 | 70304 | CG122614000006 | 2 | 59.81 | 1.02 | 0.30 | 58.49 |
| 12/25/2014 | 823629 | 70304 | CG122514000006 | 32 | 564.50 | 8.71 | 5.25 | 550.54 |
| 12/24/2014 | 823629 | 70304 | CG122414000006 | 26 | 453.85 | 7.83 | 4.10 | 441.92 |
| 12/23/2014 | 823629 | 70304 | CG122314000006 | 29 | 311.04 | 4.12 | 5.00 | 301.92 |
| 12/22/2014 | 823629 | 70304 | CG122214000006 | 21 | 192.49 | 2.43 | 3.35 | 186.71 |
| 12/21/2014 | 823629 | 70304 | CG122114000005 | 59 | 1,533.01 | 26.36 | 9.35 | 1,497.30 |
| 12/20/2014 | 823629 | 70304 | CG122014000006 | 103 | 2,490.08 | 41.75 | 15.40 | 2,432.93 |
| 12/19/2014 | 823629 | 70304 | CG121914000007 | 128 | 3,317.90 | 56.27 | 18.75 | 3,242.88 |
| 12/18/2014 | 823629 | 70304 | CG121814000006 | 130 | 3,754.14 | 57.49 | 19.35 | 3,677.30 |
| 12/17/2014 | 823629 | 70304 | CG121714000005 | 129 | 3,427.47 | 48.40 | 19.50 | 3,359.57 |
| | | | Total | 659 | 16,104.29 | 254.38 | 100.35 | 15,749.56 |



## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/27/2014 | 823383 | 70255 | CG122714000006 | 1 | 0.04 | 0.00 | 0.15 | (0.11) |
| 12/26/2014 | 823383 | 70255 | CG122614000006 | 1 | 0.23 | 0.01 | 0.10 | 0.12 |
| 12/25/2014 | 823383 | 70255 | CG122514000006 | 48 | 618.97 | 10.51 | 8.15 | 600.31 |
| 12/24/2014 | 823383 | 70255 | CG122414000006 | 109 | 1,816.73 | 32.87 | 18.05 | 1,765.81 |
| 12/23/2014 | 823383 | 70255 | CG122314000006 | 86 | 1,394.43 | 23.09 | 14.95 | 1,356.39 |
| 12/22/2014 | 823383 | 70255 | CG122214000006 | 42 | 451.63 | 6.05 | 7.10 | 438.48 |
| 12/21/2014 | 823383 | 70255 | CG122114000005 | 95 | 1,389.26 | 24.06 | 16.45 | 1,348.75 |
| 12/20/2014 | 823383 | 70255 | CG122014000006 | 135 | 1,864.39 | 32.38 | 23.45 | 1,808.56 |
| 12/19/2014 | 823383 | 70255 | CG121914000007 | 238 | 6,187.51 | 133.26 | 34.65 | 6,019.60 |
| 12/18/2014 | 823383 | 70255 | CG121814000006 | 273 | 7,150.73 | 141.39 | 39.10 | 6,970.24 |
| 12/17/2014 | 823383 | 70255 | CG121714000005 | 250 | 7,694.38 | 155.95 | 35.75 | 7,502.68 |
| | | | Total | 1276 | 28,568.30 | 559.57 | 197.90 | 27,810.83 |

Bohemia

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/27/2014 | 826539 | 70209 | CG122714000006 | 14 | 395.16 | 4.39 | 1.20 | 389.57 |
| 12/26/2014 | 826539 | 70209 | CG122814000006 | 16 | 459.52 | 8.19 | 2.40 | 448.93 |
| 12/25/2014 | 826539 | 70209 | CG122514000006 | 31 | 792.30 | 12.98 | 4.30 | 775.02 |
| 12/24/2014 | 826539 | 70209 | CG122414000006 | 89 | 2,524.51 | 38.56 | 12.55 | 2,473.40 |
| 12/23/2014 | 826539 | 70209 | CG122314000006 | 90 | 2,867.39 | 43.86 | 12.50 | 2,811.03 |
| 12/22/2014 | 826539 | 70209 | CG122214000006 | 55 | 1,571.28 | 20.51 | 8.05 | 1,542.72 |
| 12/21/2014 | 826539 | 70209 | CG122114000005 | 66 | 1,746.19 | 20.85 | 8.70 | 1,716.64 |
| 12/20/2014 | 826539 | 70209 | CG122014000006 | 105 | 3,130.59 | 52.48 | 15.65 | 3,062.46 |
| 12/19/2014 | 826539 | 70209 | CG121914000007 | 59 | 1,733.44 | 23.67 | 8.90 | 1,700.87 |
| 12/18/2014 | 826539 | 70209 | CG121814000006 | 84 | 2,133.72 | 32.60 | 10.75 | 2,090.37 |
| 12/17/2014 | 826539 | 70209 | CG121714000005 | 94 | 3,110.64 | 49.93 | 12.55 | 3,048.16 |
| | | | Total | 703 | 20,464.74 | 308.02 | 97.55 | 20,059.17 |

*OCeanside*

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/25/2014 | 823613 | 70293 | CG122514000006 | 6 | 59.95 | 0.96 | 0.95 | 58.04 |
| 12/24/2014 | 823613 | 70293 | CG122414000006 | 11 | 152.02 | 2.49 | 1.70 | 147.83 |
| 12/23/2014 | 823613 | 70293 | CG122314000006 | 27 | 322.14 | 5.45 | 4.10 | 312.59 |
| 12/22/2014 | 823613 | 70293 | CG122214000006 | 21 | 292.84 | 4.76 | 3.10 | 284.98 |
| 12/21/2014 | 823613 | 70293 | CG122114000005 | 24 | 351.04 | 4.78 | 3.60 | 342.66 |
| 12/20/2014 | 823613 | 70293 | CG122014000006 | 26 | 368.88 | 6.20 | 4.10 | 358.58 |
| 12/19/2014 | 823613 | 70293 | CG121914000007 | 34 | 316.14 | 4.58 | 5.55 | 306.01 |
| 12/18/2014 | 823613 | 70293 | CG121814000006 | 97 | 2,531.44 | 46.84 | 13.70 | 2,470.90 |
| 12/17/2014 | 823613 | 70293 | CG121714000005 | 95 | 2,761.88 | 42.85 | 14.40 | 2,704.63 |
| | | | Total | 341 | 7,156.33 | 118.91 | 51.20 | 6,986.22 |



AIRPORT

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/25/2014 | 827035 | 70271 | CG122514000006 | 15 | 282.99 | 3.76 | 2.30 | 276.93 |
| 12/24/2014 | 827035 | 70271 | CG122414000006 | 33 | 567.96 | 9.64 | 4.90 | 553.42 |
| 12/23/2014 | 827035 | 70271 | CG122314000006 | 22 | 361.65 | 6.31 | 3.20 | 352.14 |
| 12/22/2014 | 827035 | 70271 | CG122214000006 | 23 | 229.21 | 3.64 | 3.65 | 221.92 |
| 12/21/2014 | 827035 | 70271 | CG122114000005 | 62 | 1,337.09 | 22.06 | 10.20 | 1,304.83 |
| 12/20/2014 | 827035 | 70271 | CG122014000006 | 90 | 1,488.93 | 24.41 | 14.05 | 1,450.47 |
| 12/19/2014 | 827035 | 70271 | CG121914000007 | 117 | 2,916.67 | 48.97 | 18.40 | 2,849.30 |
| 12/18/2014 | 827035 | 70271 | CG121814000006 | 123 | 3,481.01 | 60.23 | 18.90 | 3,401.88 |
| 12/17/2014 | 827035 | 70271 | CG121714000005 | 139 | 4,006.58 | 64.35 | 21.60 | 3,920.63 |
| | | | Total | 624 | 14,672.09 | 243.37 | 97.20 | 14,331.52 |

*ISLANDIA*

## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/26/2014 | 823384 | 70256 | CG122614000006 | 2 | 56.83 | 1.03 | 0.30 | 55.50 |
| 12/25/2014 | 823384 | 70256 | CG122514000006 | 22 | 376.30 | 5.57 | 3.70 | 367.03 |
| 12/24/2014 | 823384 | 70256 | CG122414000006 | 38 | 607.72 | 9.10 | 6.45 | 592.17 |
| 12/23/2014 | 823384 | 70256 | CG122314000006 | 26 | 315.82 | 3.46 | 4.70 | 307.66 |
| 12/22/2014 | 823384 | 70256 | CG122214000006 | 18 | 252.57 | 4.61 | 2.90 | 245.06 |
| 12/21/2014 | 823384 | 70256 | CG122114000005 | 26 | 336.10 | 4.36 | 4.45 | 327.29 |
| 12/20/2014 | 823384 | 70256 | CG122014000006 | 37 | 397.89 | 5.03 | 6.45 | 386.41 |
| 12/19/2014 | 823384 | 70256 | CG121914000007 | 91 | 1,784.77 | 30.36 | 13.80 | 1,740.61 |
| 12/18/2014 | 823384 | 70256 | CG121814000006 | 141 | 3,671.05 | 55.97 | 21.60 | 3,593.48 |
| 12/17/2014 | 823384 | 70256 | CG121714000005 | 119 | 3,540.58 | 48.58 | 17.90 | 3,474.10 |
| | | | Total | 520 | 11,339.63 | 168.07 | 82.25 | 11,089.31 |



## Credit Cards

| Transaction Date | Merchant No | Facility | Ref No | Count | Gross | Basis | Fixed | Net |
|---|---|---|---|---|---|---|---|---|
| 12/25/2014 | 823533 | 70279 | CG122514000006 | 15 | 172.36 | 2.29 | 2.50 | 167.57 |
| 12/24/2014 | 823533 | 70279 | CG122414000006 | 21 | 199.23 | 2.22 | 3.65 | 193.36 |
| 12/23/2014 | 823533 | 70279 | CG122314000006 | 22 | 178.66 | 2.50 | 3.75 | 172.41 |
| 12/22/2014 | 823533 | 70279 | CG122214000006 | 21 | 126.94 | 1.71 | 3.50 | 121.73 |
| 12/21/2014 | 823533 | 70279 | CG122114000005 | 20 | 146.33 | 2.25 | 3.35 | 140.73 |
| 12/20/2014 | 823533 | 70279 | CG122014000006 | 27 | 287.85 | 3.58 | 4.55 | 279.72 |
| 12/19/2014 | 823533 | 70279 | CG121914000007 | 33 | 467.44 | 8.27 | 5.05 | 454.12 |
| 12/18/2014 | 823533 | 70279 | CG121814000006 | 66 | 1,160.17 | 15.37 | 10.30 | 1,134.50 |
| 12/17/2014 | 823533 | 70279 | CG121714000005 | 107 | 3,007.40 | 42.77 | 14.95 | 2,949.68 |
| | | | Total | 332 | 5,746.38 | 80.96 | 51.60 | 5,613.82 |

