

# MARC
### ATTORNEYS AT LAW
### A PROFESSIONAL CORPORATION

McCusker • Anselmi
Rosen • Carvelli

210 Park Avenue, Suite 301
Florham Park, New Jersey 07932
Tel: 973.635.6300 • Fax: 973.635.6363
www.marc-law.com

BRUCE S. ROSEN
*Director*
brosen@marc-law.com

April 29, 2015

**VIA ECF**
Honorable Alan S. Trust, U.S.B.J.
United States Bankruptcy Court
Eastern District of New York
290 Federal Plaza
Central Islip, NY 11722

      Re:    **In Re: Medford Development Corp., et al.**
                **Case No. 14-75666 (AST)**

Dear Judge Trust:

        This office and the Law Office of William S. Katchen, LLC represent Cumberland Farms Inc. and Gulf Oil Limited Partnership (together "Gulf") in the above-referenced matter. Hearings are scheduled on May 11, 2015 for: Debtors' Counsels' Initial Application for Allowance of Compensation (Doc 212); Gulf's Motion to Convert the jointly administered Chapter 11 cases to cases under Chapter 7 (Doc 37); and Debtors' motion seeking an Order to Show Cause to Stay the District Court Action seeking enforcement of personal guarantees against the Debtors' principal (Adv. Pro. 15-08020, Docs 4 and 6).

        While preparing further briefing for submission on May 8, 2015 in advance of the hearings, it has become obvious that discovery is necessary regarding both Debtors' Counsels' fee application and the plethora of issues surrounding Debtors' Counsels' conflicts of interest as discussed in Gulf's Motion to Convert, and as set forth by the U.S. Trustee and discussed by the Court during the Court's status conference on March 11, 2015, as well as the conflicts inherent in Debtors' Counsels seeking to bar a personal lawsuit against the Debtors' principal.

        The purpose of this letter is to respectfully seek adjournment of all three hearings pending further discovery, specifically for the purpose of taking the deposition of Debtors' Counsel Michael Macco (a Notice of Deposition has been served), which also requires production of the underlying detailed Application for Allowance of Compensation that appears not to have been filed with the Bankruptcy Court Clerk or served upon parties in interest  Gulf does <u>not</u> seek to adjourn

Debtors' Interim Application insofar as it is being held to consider payment for the Broker for the Debtors.

Debtors have not provided Gulf or bank creditor New York Commercial Bank ("NYCX") with any specific documentation regarding the $275,000 fee and $35,115 cost application set forth in Doc 212. In fact, Debtors' Counsel informed us just yesterday that he has yet to break down the amounts between the ten (10) Gulf-related filings and the other five (5) filings. As there has been no plan submitted, no creditor's committee involved and Debtors' Counsel has not yet applied a $180,000 retainer he has reported receiving from the brother of the Debtors' principal, we are at a loss as to where $275,000 in fees were generated and how those fees have benefited the estates of the Debtors and their creditors.

While the fee application on the surface appears designed to benefit counsel over the estates, the whole posture of the Chapter 11 filings appears designed to benefit Debtors' principal rather than the estate, leaving substantial unanswered questions as the integrity -- and supervision -- of the entire process. We believe that responses to detailed questions on these issues are vital to adjudicate these important issues. Finally, Debtors' Adversary Proceeding itself on behalf of Debtors' principal -- devoid of facts or law that would support it -- is exactly the type of conflict reflected in the concerns of the Court and the U.S. Trustee on March 11, as well as in Gulf's papers. Adjournment of the hearings should not affect the pending Eastern District of New York matter, <u>Cumberland Farms Inc. v. Keshtgar,</u> 2:15-cv-00580-LDW-AKT, as Debtors' principal has only recently retained counsel and is in the process of filing an answer. On April 16, 2015, Magistrate Judge Tomlinson stayed all discovery pending this Court's resolution of the stay issue.

In addition, the recently filed wage claims describe the unprecedented abuse of employees by the Debtors' principal, and serve as additional grounds to convert these cases to Chapter 7.

For the reasons set forth above, Gulf respectfully seeks to adjourn these three hearings pending further discovery. Mr. Macco advises that he may consent to an adjournment of the fee application, but will not consent to an adjournment of the Order to Show Cause to Stay the District Court Action. Mr. Macco has not advised as to whether he would consent to an adjournment of the Motion to Convert. NYCX does not take a position with regard to Gulf's adjournment requests, and will agree to any adjournment that counsel to the Debtor and counsel to Gulf agree to. The U.S. Trustee has no objection to Gulf's adjournment requests and notes that that office has requested but not received Mr. Macco's fee application. Notwithstanding the above, neither Mr. Macco nor NYCX or the U.S. Trustee endorse Gulf's positions as set forth in this letter.

                                                       Respectfully submitted,

                                                   /s/ Bruce S. Rosen
                                                   Bruce S. Rosen

BSR/ckc

Honorable Alan S. Trust, U.S.B.J.  April 29, 2015
Page 3

cc: Michael Macco, Esq.
    Peter Corey, Esq.
    Bonnie L. Pollack, Esq.
    William Katchen, Esq.
    Matthew G. Roseman, Esq.
    Christine Black, Esq.
    [all via email]